United States District Court
Southern District of Texas
ENTERED
November 10, 2026
Nathan Ochsner, Clerk

O

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **MARIYA GAVDEY,** | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 5:26-CV-01722** |
| | § | |
| **ICE FIELD OFFICE DIRECTOR – SAN ANTONIO, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

Before the Court is Petitioner's Petition for Writ of Habeas Corpus, (Dkt. No. 1). Petitioner challenges her detention in federal immigration custody.

### A. Duplicate Petition

Upon review of the Petition, the Court has identified that Petitioner previously filed a habeas petition asserting the same factual allegations and legal claims, with the exception of the factual allegations and legal claims discussed in Sections B and C below. On September 9, 2026, Petitioner filed a habeas petition in Case No. 5:26-CV-01601, which was assigned to U.S. District Judge Diana Saldaña. On September 21, 2026, Judge Saldaña granted respondents' motion for summary judgment, finding that the bond hearing provided to Petitioner complied with 8 U.S.C. § 1226(a), and noting that Petitioner could re-file her petition if she remained in detention and could establish that her detention had become unconstitutionally prolonged. (No. 5:26-CV-01601, Dkt. No. 10). On September 24, 2026, Petitioner filed the instant petition in which she challenges the adequacy of the bond hearing she received, argues that her detention has become unconstitutionally prolonged, and argues that she has exhausted her administrative remedies. (Dkt. No. 1).

When a duplicate habeas petition is filed alleging "substantially the same facts arising from a common series of events," the later-filed petition should ordinarily be dismissed. *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993) ("Ordinarily . . . the district court confronted with the later-filed action should dismiss it in favor of the case

that was filed earlier."); *see, e.g.*, *Li v. Noem*, No. 5:26-CV-474, slip op. at 2 (S.D. Tex. Mar. 31, 2026) (dismissing the later-filed immigration habeas petition as duplicative).

Here, with the exception of Petitioner's claim that her detention has become unconstitutionally prolonged, Petitioner's petition in 5:26-CV-1601 asserts the same facts and legal claims as the petition filed in this action. (*Compare* Dkt. No. 1, *with* No. 5:26-CV-01601 Dkt. No. 1). This action was filed after the petition in 5:26-CV-01601. Further, Judge Saldaña already considered the merits of Petitioner's claims in her original petition. (No. 5:26-CV-01601, Dkt. No. 10).

**B. Unconstitutionally Prolonged Detention**

Next, the Court considers Petitioner's claim that her detention has become unconstitutionally prolonged. (Dkt. No. 1 at 6). Courts in this Circuit have recognized that detention may become unconstitutionally prolonged once a petitioner has remained detained for a sufficiently lengthy period of time without a recent bond hearing. *See, e.g., Khedr v. Warden, LaSalle County Regional Detention Center, et al.*, 2026 WL 1873712, at *4–6 (S.D. Tex. June 25, 2026). In *Khedr*, the District Court determined that a petitioner's detention under 8 U.S.C. § 1226(a) became unconstitutionally prolonged where the detention exceeded ten months, and his most recent bond hearing occurred more than eight months prior. *Id.* Petitioner's detention in the present action is materially distinct. Petitioner's detention began on August 5, 2026. (Dkt. No. 8-2). On August 21, 2026, Petitioner received a bond hearing, at which the Immigration Judge determined that she was flight risk and denied her request for a change in custody status. (Dkt. No. 8-3). Petitioner's detention began three months ago, and she received an individualized bond hearing two months ago. The facts presented in the present petition are insufficient to establish that Petitioner's detention has become unconstitutionally prolonged.

**C. Petitioner's Conditions of Confinement Claim**

Petitioner also recently filed a separate motion for emergency relief based on deteriorating medical conditions while in detention. (Dkt. No. 16). The Court treats these allegations as a claim that the conditions of her confinement are in violation of the Fifth and Eighth Amendments. Petitioner alleges that she suffers from medical conditions—including severe hemorrhoids—requiring specialized care and potential surgical

intervention that the detention facility is not equipped to accommodate. (Dkt. No. 16 at 2–4).

The Court recognizes the severity of the conditions Petitioner alleges. Nevertheless, under Fifth Circuit precedent, a petition for a writ of habeas corpus is not the proper avenue to review questions relating to an individual's conditions of confinement. *See Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir. 2021); *Karastoian v. Bondi*, No. 5:25-CV-00233, 2026 WL 194391, at *5 (S.D. Tex. Jan. 22, 2026); *Hurtado v. Garcia*, No. 4:25-CV-06255, 2026 WL 916966, at *4 (S.D. Tex. Feb. 13, 2026). Instead, where a detainee seeks to challenge the conditions of their confinement, those claims must be raised in a separately filed lawsuit that asserts a violation of a person's Fifth Amendment right to adequate medical care and non-punitive conditions of confinement while in civil detention, Eighth Amendment right to be free from cruel and unusual punishment, or other rights against state and local officials under 42 U.S.C. § 1983 or against federal officials under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See Melot v Bergami*, 970 F3d 596, 599 (5th Cir 2020); *Geraldine Chiquinquira Caridad Quintero v. South Louisiana ICE Processing Center et al*, No. 6:26-CV-02723, 2026 WL 2632310, at *1 (W.D. La. July 28, 2026). Petitioner may pursue such claims in a separately filed lawsuit, but not in this present habeas case.

**D. Conclusion**

Accordingly, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. No. 1), is **DISMISSED without prejudice**. All other relief requested by Petitioner and any pending motions are **DENIED**.

The Clerk of Court is **DIRECTED** to mail this Order to Petitioner, by regular mail and any receipted means, at the address on file with the Court.

It is so **ORDERED**.

**SIGNED** on November 10, 2026.

John A. Kazen
John A. Kazen
United States District Judge